# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH LARRY PORTER | § | |
| VS. | § | CIVIL ACTION NO. 1:10-CV-340 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Joseph Larry Porter, an inmate confined at the Mark Stiles Unit, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends this petition for writ of habeas corpus be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court finds that petitioner's objections are without merit. As the magistrate judge correctly concluded, the possibility that a future criminal proceeding may someday take place, and that petitioner's disciplinary case may be used in the criminal proceeding to petitioner's detriment, is too speculative and is not sufficient to give rise to a protected liberty interest. *See Malchi v. Thaler*, 211 F.3d 953, 959; *see also Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S.1 1, 11, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). If petitioner does undergo a future criminal proceedings relating to this disciplinary incident, petitioner is free to challenge such a criminal conviction through the federal habeas corpus procedures at the appropriate time. Furthermore, because petitioner possess no

constitutionally protected right to release on parole and because petitioner is ineligible for release on mandatory supervision, due process concerns were not implicated and prison officials were not required to afford petitioner due process at the disciplinary hearing. *Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997).

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

Furthermore, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed

further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

So **ORDERED** and **SIGNED** this **8** day of **March, 2011.**

_____
Ron Clark, United States District Judge